Opinion filed November 30, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00073-CR
_____

## HERIBERTO H. GONZALEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-35,024**

## MEMORANDUM OPINION

Heriberto H. Gonzalez appeals from the denial of his petition for writ of habeas corpus. We affirm.

Gonzalez seeks habeas corpus relief from a 2008 conviction for evading arrest or detention. Pursuant to the terms of a plea bargain agreement, the trial court sentenced Gonzalez to confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years but suspended the sentence

and placed Gonzalez on community supervision for a term of two years. After Gonzalez was subsequently detained for deportation proceedings, he filed a petition for writ of habeas corpus in the trial court pursuant to Article 11.072. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015) (establishing the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision).[1] In the petition, Gonzalez requested that his 2008 guilty plea be withdrawn and that his conviction thereon—for the state jail felony of evading arrest or detention—be vacated because his guilty plea was involuntary and his trial counsel was ineffective.

## Issues Presented

Gonzalez presents three issues on appeal.[2] In the first and second issues, he argues that the denial of his petition for writ of habeas corpus was error because the trial court's failure to comply with the immigration admonitions contained in Article 26.13 of the Texas Code of Criminal Procedure rendered the guilty plea involuntary and harmful under Rule 44.2(b) and Rule 44.2(a) of the Texas Rules of Appellate Procedure. In the third issue, Gonzalez asserts that he received ineffective assistance of counsel because trial counsel did not seek deferred adjudication or a sentence of less than 364 days.

## Compliance with Article 26.13

Gonzalez asserts in both the first and second issues that the trial court erred when it failed to admonish him in compliance with Article 26.13, which requires

---

[1]We have jurisdiction to consider Gonzalez's appeal under Article 11.072, section 8 and TEX. R. APP. P. 31.

[2]We note that, although Gonzalez cites *Padilla v. Kentucky* as support for his arguments, he does not argue that trial counsel was ineffective based upon any advice regarding deportation consequences. *See Padilla v. Kentucky*, 559 U.S. 356 (2010). Moreover, as Gonzalez's habeas counsel is apparently aware, *Padilla* does not apply retroactively. *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 678–79 (Tex. Crim. App. 2013).

2

that, prior to accepting a plea of guilty, the trial court shall admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty . . . for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." CRIM. PROC. art. 26.13(a)(4) (West Supp. 2014). Substantial compliance by the trial court is sufficient "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c). The admonitions may be oral or written, but if written, the trial court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id.* art. 26.13(d).

The record from the original plea hearing reflects that the trial court did not give the immigration admonishment to Gonzalez orally in open court. However, Gonzalez was given written admonishments. In the written admonishments contained within a plea document, Gonzalez acknowledged that he understood and waived various rights, including the following: "I also understand that if I am not a citizen of the United States of America, a plea of guilty to the offense charged against me may result in my deportation, my exclusion from admission to this country or the denial of naturalization under federal law." The plea document was signed by Gonzalez, his trial counsel, and the trial judge. At the plea hearing, Gonzalez answered affirmatively when asked, "Do you read and write the English language?"

Gonzalez complains that the plea document does not comply with Article 26.13(d) because it does not contain a statement by trial counsel that Gonzalez understood the admonitions or was aware of the consequences of the plea. Below Gonzalez's signature, trial counsel acknowledged the following: "I have consulted with the defendant, advised the defendant of his or her rights and believe the defendant to be mentally competent. I approve the entry of this plea of guilty,

3

the waiver of jury, agreement to stipulate, judicial confession and [various waivers]. I agree to the prosecutor's recommendation as to punishment." Although Gonzalez's assertion is correct in that the plea document does not contain a statement made by trial counsel in which trial counsel avers that Gonzalez understood the admonitions and was aware of the consequences of the plea, we do not read Article 26.13(d) as requiring such a statement. The plea document was signed by both Gonzalez and trial counsel, and within the plea document, Gonzalez acknowledged that he understood the various rights contained within the Article 26.13 admonitions and the consequences of his plea, including the deportation consequences that could result from his plea of guilty to the charged offense. Trial counsel averred that he had consulted with Gonzalez, whom he believed to be mentally competent, and had advised Gonzalez of his rights. We do not agree with Gonzalez that trial counsel, as opposed to or in addition to Gonzalez, must have himself averred that Gonzalez understood the admonitions and was aware of the consequences of a guilty plea. Moreover, trial counsel stated in open court at the plea hearing that he believed that Gonzalez understood the consequences of his plea.

We hold that the plea document complied with Article 26.13, and thus, we need not address Gonzalez's arguments concerning harm under either of the Rule 44.2 standards. *See* TEX. R. APP. P. 47.1. Gonzalez's first and second issues are overruled.

*Assistance of Trial Counsel*

In his third issue, Gonzalez argues that he received ineffective assistance of counsel with respect to the plea hearing because trial counsel did not seek deferred adjudication or a sentence of less than 364 days. With respect to the habeas corpus application, the trial court found that Gonzalez had submitted no evidence to indicate that trial counsel did not seek a plea more favorable than the one Gonzalez received, that trial counsel failed to ask for deferred adjudication, or that the prosecution would

4

have agreed to such a request. We have reviewed the record and can find no evidence to support Gonzalez's contention that trial counsel failed to seek a lesser sentence. Furthermore, in an affidavit submitted by the prosecutor, the prosecutor stated that he did not offer deferred adjudication and that, given the facts of the case and Gonzalez's criminal history, he did not believe that he "would have accepted a counter-offer of deferred adjudication or for a probated sentence less than the two years agreed upon by the parties." Based upon the evidence presented with respect to Gonzalez's habeas corpus application, the trial court found that Gonzalez failed to show that trial counsel was ineffective. The trial court's findings of fact are supported by the record; thus, we defer to those findings. *See Ex parte Garcia*, 353 S.W.3d 785, 787–88 (Tex. Crim. App. 2011). We overrule Gonzalez's third issue.

## This Court's Ruling

We cannot conclude that the trial court erred by denying Gonzalez's petition for writ of habeas corpus. Accordingly, we affirm the order of the trial court.

JOHN M. BAILEY
JUSTICE

November 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.